[No. 17762. Department Two. October 9, 1923.]

E. E. MURRAY, *Appellant*, v. C. J. CHAMBERLAIN *et al.,*
*Respondents.*[1]

ACCOUNT (14)—EVIDENCE—SUFFICIENCY. A finding on an account-
ing as to the cost of a fence is sustained when supported by the
testimony of the only witness who had any knowledge thereof.

PARTITION (18)—ALLOWANCES—FAILURE TO OBJECT. Upon the
failure of either party to object to allowances made by the referees
in partition the matter is concluded.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered March 1, 1922,
upon findings in favor of the plaintiff, in proceedings
for a partition. Affirmed.

*Raymond J. McMillan* and *Ernest K. Murray,* for
appellant.

*Troy & Yantis,* for respondents.

PER CURIAM.—This action was instituted by the ap-
pellant Murray for the partition of certain real prop-
erty owned in common by the appellant and the re-
spondents. After the entry of an interlocutory decree
directing a partition of the property and a decree con-
firming the report of the referees appointed to divide
the property, the parties mutually agreed to submit to
the court their differences with respect to their ac-
counts arising from the joint operation of the prop-
erty. Pursuant thereto an accounting was had, result-
ing in separate judgments for small amounts in favor
of the respondent Chamberlain against his co-owners,
Murray and Janes. Murray alone appeals.

Notwithstanding the earnestness with which counsel
for the appellant have presented the cause of their

[1] Reported in 219 Pac. 8.

client, we are not persuaded that the merits of the controversy warrant detailed discussion. Nothing but elementary principles of law are involved, and the exceptions to the findings of fact raise merely the question whether the trial court properly weighed the evidence in allowing or disallowing the disputed items of the accounts. Chamberlain had, to a large extent, the charge of the property, and the larger part of the receipts from the venture came into his hands. For a considerable part of his expenditures, he was unable to produce receipts or vouchers, or even a current book account. Stress is laid upon this fact, and it is argued from it that his evidence ought not to be taken as to items where there is any room for doubt as to its correctness. Had Chamberlain been at fault in the matter, doubtless the trial court would have scrutinized his evidence with this thought in mind. But Chamberlain showed very clearly that he was not at fault. He testified that he did keep an accurate statement of his receipts and expenditures, and for the greater part of them at one time had vouchers and receipts; but that during his temporary absence from the place, and while it was in charge of a keeper, the room of the house in which he had placed his papers was broken into, the desk or secretary in which the books and papers were kept rummaged, and a great part of them taken or destroyed. In this he is corroborated by the keeper, and we cannot think the circumstances that he is now without the usual and expected evidence in such cases ought in itself to discredit his oral testimony.

Of the items of his account which are questioned, we shall notice but two. He made a charge of $960 for the construction of a fence made necessary by a change in the public highway abutting upon the place. For his expenditures in this behalf he had no receipts or

vouchers. On his cross-examination he stated that the cost of the fence was a dollar a rod. It was shown in contradiction of his statement that the length of the fence constructed was not 960 rods. But Chamberlain testified that, after the first construction a part of it was destroyed by fire, some of it a second time, and had to be replaced, and that he remembered that the cost of the fence was the sum charged because that sum was the amount of money he had to work with, and that he expended it all. Chamberlain was the only person who knew anything about the amount expended, and we cannot think the trial court in error in refusing to hold that the fact of the shortage of the fence belied his testimony.

The change in the county road mentioned took a small strip of land from the east side of the property of the parties. For this strip, the county allowed $200. This sum was divided between the parties in accordance with their respective ownerships, one-half to Chamberlain and one-fourth each to the other two. In the partition made by the referees, the part of the land from which the road was taken was awarded to the appellant. He now claims that he should recover the $100 paid to Chamberlain on account of this taking. But the deed to the property was made in March, 1921, and the partition in August of the same year. There is nothing in the record to show that the referees in making the partition did not take this into account, and the law under such circumstances will conclusively presume that they did. More than this, neither of the parties object to the partition as made, and on an accounting not involving the partition, neither party will be heard to say that he received less by reason thereof than did the others.

We find no cause to interfere with the judgment of the court, and it will stand affirmed.